ÁNGEL BRACERO, Plaintiff and Appellee, *v.* S. RAMÍREZ & Co.. INC., Defendant and Appellant.

No. 4453. Argued December 13, 1929.—Decided July 24, 1930.

*F. Ramírez de Arellano* and *L. Tormes* for appellant. *R. V. Pérez Marchand* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In an action to recover damages for injuries arising from bags of rice suddenly falling upon plaintiff within a certain shop, the defendant alleged and attempted to show that it did not have the ownership or control of the shop and, furthermore, that the plaintiff was a workman employed by the owners of the shop and hence bound to make his claim under the Workmen's Compensation Act.

The court found that the plaintiff was an independent contractor as the whole evidence tended to show and we shall not stop to assemble the proof.

The evidence was not quite so strong with respect to ownership of the shop. It was located in Ponce. The articles of incorporation showed that the defendant was authorized to have a branch in Ponce; it admitted that Cintrón was the selling agent in Ponce and there was evidence tending to show that people having dealings with the shop had accounts presented in the name of the defendant. The direct and cir-

cumstantial evidence was sufficient to justify the finding of the court below that the defendant had a branch in Ponce. We do not give the foregoing points greater attention because the case must be reversed on another ground.

We are not at all satisfied with the briefs of the parties. The brief of the appellant does not contain a "concise" statement of the case as required by Rule 42 and emphasized by our jurisprudence. *Gandía* v. *Pizá Hermanos,* 17 P.R.R. 880; *Fajardo Development Co.* v. *Zalduondo,* 20 P.R.R. 237; *Díaz et al.* v. *Cividanes,* 29 P.R.R. 541, and *Ferrer & Son* v. *Am. R. R. Co.,* 39 P.R.R. 36. As in many other cases the appellant summarizes at considerable length the pleadings and the testimony of the witnesses and argues the effect while presenting such testimony and only on page 41 of the brief do we find the assignment of errors. It should be a very rare case where the assignment of errors is postponed beyond the third or fourth page of the brief and arguments as to the effect of the evidence should always follow rather than precede the assignment of error. On the other hand the appellant strongly insisted that there was no proof of negligence.

The appellee met this assignment of a lack of negligence by arguments of what this court generally did in cases of conflict in the evidence and then finally maintained that it was a case of *res ipsa loquitur.* The court below did not base its decision on the ground of *res ipsa loquitur.* Yet the appellee discusses not at all the doctrine of *res ipsa loquitur* as applied to the facts of the case, nor does he attempt to present the evidence tending to show the negligence as generally found by the court.

This was a case where the evidence tended to show that Angel Bracero, an independent contractor, was hired by the defendant to remove some bags of rice from a certain shop in Ponce, belonging to the defendant; that when he came to the shop a second time to remove bags of rice and while his back was turned, about thirty bags of rice from the pile fell

upon him and injured him. The uncontradicted evidence tended to show that not only was there a second visit of Bracero to the pile, but that other workmen were removing sacks from the same pile.

Now the doctrine of *res ipsa loquitur* presumes that the accident could not normally have happened if the defendant had been in the exercise of due care. It throws the burden of proof on the defendant. The courts are loath to apply the doctrine when there is direct evidence of negligence, although of course when the doctrine is raised slight evidence of negligence would not exclude its application. Likewise it may be said that the doctrine is applied as a rule only when the thing that caused the accident is under the exclusive control of a defendant or perhaps that the situation is such that the defendant is bound to explain.

If on invitation someone without more had entered the shop of the defendant and the pile of bags had fallen on him, *res ipsa loquitur* would be applicable. A different situation is presented when persons other than the defendant have intervened and especially when, as here, the plaintiff himself has intervened. *Non constat* that the accident would not have happened if the plaintiff and the other workmen had not extracted sacks from the pile. The plaintiff was bound to show by a clear preponderance of the evidence that for the application of the doctrine the intervention extraneous to that of the defendant was harmless. The defendant offered evidence tending to show that the pile had been carefully erected, although we do not base our decision on this evidence.

One witness testified that he told defendant's agent that the pile was defectively constructed. This was at least some time before the happening of the accident. We are still discussing *res ipsa loquitur*. Naturally, nothing that this witness says shows the state of affairs at the time of the accident. *Non constat* that the defendant's agent, if he acted as a prudent man, as presumptively he was, corrected the defect.

The evidence tended to show besides that the plaintiff was an expert in handling piles of rice.

We find no reason for the application of *res ipsa loquitur* and we question if it can be invoked for the first time in this court. The court below said:

> "It has also been shown that the pile of sacks which caused the accident had been constructed by the employees of the defendant in a very defective manner and that apparently the pile did not show any danger, nor was the plaintiff warned at any time by the employees of the defendant of the defective formation of the pile and that the accident took place while the plaintiff had his back turned to the aforesaid pile of bags of rice.
>
> "It has been shown moreover that the accident was due solely and exclusively to the guilt and negligence of the defendant in making defective piles of bags of rice in his warehouse and in not warning in any way the plaintiff Bracero in regard thereto."

It is evident that the court was not applying the doctrine.

We agree with the appellant that the record shows no negligence attributable to the defendant at the time of the accident and the judgment should be reversed.

MR. CHIEF JUSTICE DEL TORO, dissenting.

When the decision of this court reversing the judgment of the District Court of San Juan in favor of the plaintiff was rendered, I dissented because I considered that the evidence set out in the record supported the conclusion reached by the trial judge. I have since re-examined the matter and my viewpoint is now stronger than before.

The trial court made the following findings:

> "That on July 8, 1922, plaintiff Bracero contracted with a branch of the defendant at Playa de Ponce, Puerto Rico, for the transportation of a shipment of bags of rice from the said branch to a store in the city of Ponce, and he carted the first part of said shipment as per instructions received; that he returned on the same morning to the office of the defendant at Playa of Ponce to get an order from employee Eduardo Aneiro for the cartage of another fifty bags of rice weighing a hundred pounds each.

"That the bags had been placed in a pile twenty bags high; that while Bracero was in the establishment of the defendant, waiting to cart the second batch of the bags contracted for and standing in front of the aforesaid pile, without his having touched any of the bags, the said pile came down and some 25 or 30 bags fell upon the plaintiff pinning him underneath; that he was dragged from under the pile unconscious and was taken to the Tricoche Hospital, where he was confined for two months.

"That in consequence of the accident, Bracero sustained a fracture of his right thigh and hip, and one of his legs became shorter than the other and one hip different from the other; that he has suffered a diminution of from 15 to 20 per cent of the use of the injured leg, thereby becoming partially incapacitated for work, and has suffered besides physical and mental pain; and that up to the time of the trial he was unable to perform any labor requiring physical exertion.

"It has also been proved that the pile of bags which caused the accident had been erected by the employees of the defendant in a defective or improper manner, and that there was no apparent sign of danger on the pile nor was the plaintiff warned at any time by the employees of the defendant of the defective formation of the pile; and that the accident took place while the plaintiff had his back turned to the said pile.

"It has been further proved that the accident was due solely and exclusively to the fault and negligence of the defendant in making defective piles of bags of rice in his warehouse, and in not warning the plaintiff in any way in regard thereto."

Witness Miguel Muñoz, of Ponce, a provision merchant and member of the firm of Hostos & Mayol, owners of the warehouse in which they and the defendant's branch had their respective offices, testified as follows:

"A. Well, I remember that they stowed a large amount of rice in the premises they had rented from us, and the rice was piled up rather high, and shortly thereafter, or on the following day, I noticed that the pile had leaned forward and I called the attention of Luis Cintrón and of another young man who was there, called Aneiro, that the pile was badly formed and might fall down; and they replied that it was not so, that it was all right; but they afterwards built another pile in front in a reversed direction, propping up the pile that was leaning towards our office. I went away on a trip, and

when I returned I saw that some carts had been brought to the office of S. Ramírez & Co., to take that merchandise away; it was one of those days when there was scarcely anything to do in our office, and I heard screaming; I hastened through the office door leading to their office, and there was a young man who is present here and who had been caught by some bags of the pile that fell down; but immediately I was told by someone who was working there, I was told. . .

"Deft.: Your Honor. . .

"Judge: Don't, do not tell what they said.

"A. We helped that young man and immediately we began to lift the bags from the heap caused by the fallen pile and pulled from underneath the bags this young man, the plaintiff, who was completely buried under them."

Testifying in his own behalf, the plaintiff said:

"At seven o'clock in the morning on Saturday we left our home to go to work and, on passing along Comercio street, Mr. Aneiro came to the door and ordered us to load the carts with rice to be taken to town, I do not remember the firm; I know that I loaded my cart and made a trip, and when I returned for a second trip I went thus into the office where he was; I started to talk with him and then the pile fell upon me; then I lost consciousness."

Francisco Torres, another witness, testified:

"Q. Yes, Sir; while I was in front of the office of Mr. Ramírez his employee called out to several cartmen to load, and I remained for the last; and when the other cartmen had loaded I drew near to load also and at that moment Ángel Bracero got ahead of me and asked how much stuff remained to be loaded, and while he was asking the question the pile fell down and Mr. Mayol and Mr. Francisco Moral arrived and pulled me out, and then while pulling me out they found Bracero."

It seems advisable to transcribe the following from the testimony of Remigio Morales, a witness for the defendant:

"Q. Who said that the pile was defectively formed?

"A. The cartmen who were carting the rice.

"Q. Which were the words you heard?

"A. They were talking about it there, then a young man who was there said to the boss. . . I went into the office inquiring after

Luis Cintrón and they told me he was not there; I then decided to leave and while doing so (it was a small office) I then heard the clerk or man in charge saying: 'Be careful, that the pile may fall,' and right then the pile fell.

"Q. About what did he caution them to be careful?

"A. About removing the bags.

"Q. Did that pile fall?

"A. Yes, Sir.

"Q. How soon afterwards?

"A. Just as I heard that."

To our mind, plaintiff's evidence supports the findings of the court. We have made special mention only of that part of the proof which relates to the point on which the refusal has been based, but we wish also to state that, in our opinion, the evidence was full and strong regarding all the other essential elements of the action herein and of the judgment rendered by the district court.

The single testimony of the witness Mayol, which was fully believed by the court, and the fact itself of the fall of the pile would have been sufficient.

The defendant was timely warned of the defect but refused to recognize it. It confined itself to forming "another pile in front in a reversed direction, propping up the pile that was leaning." This shows not only ordinary but gross and persistent negligence, because it was natural to expect that the force of gravity would continue acting on the new pile until it caused the same to lean and fall, or at least that, as soon as the bags of the new pile were removed—and it has been shown by the evidence that they were removed or begun to be removed—the whole pile would naturally fall, as it did fall, seriously injuring the plaintiff.

It was clearly the duty of the defendant, upon being cautioned about the condition of the pile, to form it anew and not to hide the defect thereby rendering it still more dangerous, which is what the defendant really did.

We know the testimony of Morales, who testified in behalf

of the defendant. The latter attempted to show by another witness that the pile had been properly made.

. The theory of the defendant seems to be that the fall of the pile was due to a want of care on the part of the same workmen who were removing the bags from the pile. The plaintiff himself, while on the stand, explained how the bags were being removed. They were people used to that kind of work and it does not seem logical that they would injure themselves. Moreover, if it be considered that the evidence was conflicting it must be admitted that the conflict was adjusted by the court and, in accordance with our repeated jurisprudence, its decision should not be disturbed by us unless passion, prejudice, bias or manifest error is shown. If anything has been clearly established in this case, it is the gross negligence of the defendant shown by the fact itself of the falling of the pile and by the direct observation and clear timely warning of Mayol.

In our view, an affirmance of the judgment appealed from lies.

I am authorized to state that Mr. Justice Hutchison concurs in this opinion.